## ALFRED LEWIS vs. EBENEZER FREEMAN.

The testimony of a witness *that he thought the plaintiff told him* that a certain sum of money had been paid to the plaintiff, *was very confident he said so, but would not swear that he did*, is a statement of the strength of the recollection of a fact by the witness, and is admissible evidence.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit upon a contract of the following tenor. "Mr. *Alfred Lewis*. Sir, if you will let *Andrew C. Butler* have one hundred dollars worth of oil cloths, and take back what he cannot

sell at the same price he takes them, I will be responsible for what he may sell, *August* 15, 1836. *Ebenezer Freeman.*" The oil cloths were delivered to *Butler,* and one point made in the defence was, that the plaintiff had been paid. To prove the payment the defendant introduced one *Robinson,* who testified, that after *Butler* returned from peddling out the oil cloths, the witness had a conversation with the plaintiff, who informed him that *Butler* had done well in carrying out the cloths, and had made enough, reckoning in the cloths brought back, to pay for the load and twenty-five or thirty dollars more ; that the cloths he brought back were but a small part of the load ; that *Butler* had made enough to save to himself twenty-five dollars, and desired to take another load ; that the plaintiff doubted the propriety of letting him have another load on *Freeman's* order, but concluded to let him have one on certain conditions, and thought that *Freeman* would suppose himself liable for the second load. The witness on being questioned by the defendant as to the admissions of the plaintiff in that conversation, testified, " that he thought the plaintiff told him, *Butler* had paid him for what cloths he had sold and not brought back ; was very confident he said so, but would not swear that he did say so." The plaintiff contended, that upon the testimony of *Robinson,* the jury could not legally return a verdict for the defendant on the ground that *Butler* had paid for the cloths.

The Judge instructed the jury, that as witnesses must use their own language in conveying their meaning, and as they express themselves with different degrees of clearness, and use different degrees of caution in the phraseology they adopt, it was for the jury to give their language a fair exposition ; that if the testimony of *Robinson* had proved to their reasonable conviction that the plaintiff had knowingly and deliberately admitted that he had received full payment for the first load of cloths from *Butler,* they might thereupon find a verdict for the defendant.

Other points were made at the trial, and the jury returned a verdict on each. They found on this, " that *Butler* did on his return from his first trip deliver over to *Lewis* cloths and money enough to pay up for the hundred dollars worth of cloths delivered on the strength of *Freeman's* guaranty." The plaintiff filed exceptions.

*Wells*, for the plaintiff. *Robinson* did not, and would not testify that the plaintiff had received payment. There was no other evidence on this point, and the Judge informed the jury, that they might find the fact from his testimony. He testified, that he would not swear to it, and the jury ought not to affirm what he would not swear to. Nor is it supported by his saying he *thought* the plaintiff had told him. " I think," is not sufficient affirmation of a fact. *Sebor* v. *Armstrong*, 4 *Mass. R.* 206.

*May*, for the defendant. The jury have found that *Butler* upon his return paid for the cloths which he had upon the strength of the defendant's guaranty, and the evidence in the case justifies the finding. At any rate the jury were the judges of the weight of evidence, and such testimony as that of *Robinson* has been held to have been properly submitted to the consideration of a jury in several cases. *Harding* v. *Brooks*, 5 *Pick.* 244 ; *Aylwin* v. *Ulmer*, 12 *Mass. R.* 22 ; *Griffin* v. *Brown*, 2 *Pick.* 304. But laying the part of *Robinson's* testimony objected to out of the case, the jury were authorized to find a payment from the admissions of the plaintiff and other circumstances, as related by the witness.

The opinion of the Court was by

SHEPLEY J.— If the instructions respecting the testimony of *Robinson* were correct ; and the jury were authorized by that testimony to find, that the plaintiff had been paid, it will not be necessary to consider the other points made in the case.

The argument is, that there was no testimony to prove an admission of payment, because the witness said he " would not swear, that he did say so" ; and that his testimony is not strengthened by the expression, " that he thought the plaintiff told him *Butler* had paid him."

In the case of *Sebor* v. *Armstrong* & *trustee*, it was the province of the Court to decide the fact, and to give such effect to the testimony as it might deserve. The trustee must discharge himself, and the only testimony to have this effect being his declaration that he thought the paper payable to order might well be considered as unsatisfactory. And the argument in this case might be regarded as sound, if that were the only testimony before the

jury upon this point.   But the whole of the expressions used by
the witness are to be  considered, and  in connexion with the  con-
duct  of the plaintiff.   He says, " he thought the plaintiff told him
*Butler* had paid for what cloths he had  sold and not brought  back,
was  very confident he said so, but would not swear that he did say
so."   The witness was speaking  under  the obligation  of his oath,
when  he  said, that  he  was very confident he said so, and  that was
speaking of his  recollection of a fact with no slight assurance that
he was correct ; and when he adds, that he would not  swear to it,
the idea communicated is, that he was very confident, but not  cer-
tain, that the plaintiff so stated.   The witness  was not  giving an
opinion, but stating the strength of  his recollection of a fact.   The
circumstances stated by the witness respecting  the  conduct of the
plaintiff  and  *Butler*, after  *Butler's*  return, tend to confirm the con-
viction that the plaintiff had been paid.

The jury were  the  proper judges of  the  weight of the whole
testimony upon the point ; and the instructions were well  suited to
bring their minds to a  just  conclusion.

*Exceptions overruled.*